## RAY v. STATE.

No. A-11612.  Oct. 8, 1952.

(249 P. 2d 135.)

Eagin & Eagin, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty Gen., and Sam H. Lattimore, Asst. Atty Gen., for defendant in error.

JONES, J. The defendant, Curtis Ray, Jr., was charged by an information filed in the district court of Oklahoma county with the crime of stealing an automobile, was tried, found guilty by the jury who left the punishment to be assessed by the court; the defendant was thereafter sentenced to serve the minimum term of three years imprisonment in the penitentiary, and has appealed.

The only issue presented on the appeal is whether the evidence was sufficient to sustain the conviction, which requires a short summary of the evidence.

The proof of the state showed that one James M. Teel, who lived in Norman, had driven his 1941 Buick automobile to Oklahoma City on the night of October 7. 1950. About 3 or 4 o'clock a.m. he stopped his car at Bruce's Drive In Beer Tavern on U. S. Highway 77 in Oklahoma county near the southern edge of Oklahoma City. Mr. Teel was only out of his automobile a few minutes before he returned and found that it was gone. It was taken without his knowledge or consent. He next saw his automobile some half or three-quarters of a mile north of the tavern

where the car had gone off the highway into a ditch or ravine and was completely torn up. The car was so demolished that he sold it for junk. The license number of his car was 28-3558.

Dr. Ross L. Curtis, Jr., testified that he was returning to his home from making an early morning call; that just as he turned into his driveway he heard a crash, looked around and saw a car had been driven into a ditch about a block from his home. He went to the automobile and a man was sitting under the steering wheel with a severe laceration on his scalp and was bleeding profusely. The left part of windshield was broken, the doors were all locked, and he had difficulty removing the occupant of the car. The occupant was quite stunned. The doctor applied first aid treatment and the ambulance and police arrived in just a few moments and took charge of the individual. The windows were all up on the automobile and the lights on the car were still burning when he arrived.

Harmon Thompson, funeral director, responded to the call for an ambulance and drove to the scene where he found the doctor bandaging the head of the defendant. He took the defendant to the Mercy Hospital. Defendant appeared to be semi-conscious. There were four or five cars and a wrecker at the scene when he arrived.

George Hawks and B. F. Cravatt, Oklahoma City policemen who were assigned to the stolen car division, each testified. They talked to the defendant after he had been taken to jail. Defendant told them that he was in the car which had been stolen but that he did not know it was stolen and was picked up as a hitchhiker by the driver of the automobile. The officers inspected the Buick automobile and found that the left windshield in front of the driver had been broken and there was a large quantity of blood on the driver's side of the seat and on the steering wheel and the left door panel. The license number of the automobile was 22-3558.

The defendant did not testify and only one witness was called in his behalf. Thurman Jones testified that he was employed at Wilson & Company during the day and worked at night at Bruce's tavern parking automobiles; that about 3:00 or 4:00 o'clock in the morning he saw defendant at the drive-in. Defendant was drunk and one of the bouncers asked him to leave; that he saw defendant come out of the tavern and start down the highway. He then saw a Buick car coming from Norman on the Norman highway stop and pick up defendant and start in the direction of the city.

The principal attack upon the evidence is the argument by counsel that the prosecuting witness was running around with people of questionable character on the evening in question; that his conduct showed that he was a person of loose morals. There is no question but what the automobile which was found wrecked belonged to Teel. The fact that he was driving from beer tavern to beer tavern imbibing intoxicating liquor and associating with women of loose character would only affect his credibility as a witness. There was ample, we might say overwhelming, evidence of the defendant's guilt. The testimony of the parking lot attendant was unbelievable. He related that he saw the Buick car coming down the road from Norman, when in reality, if the facts and circumstances related by the state's witnesses were true, the car was parked at the tavern and was taken from the tavern.

This appears to be another case where a thief has been caught in possession of stolen goods and attempts to shift responsibility for his crime to a phantom. The judgment is affirmed.

BRETT, P. J., and POWELL, J., concur.